UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| F2 STRATEGY, LLC,<br><br>   *Plaintiff,*<br><br>v.<br><br>OKTA, INC.,<br><br>   *Defendant.* | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff F2 Strategy, LLC ("F2" or "Plaintiff") brings this action against Defendant Okta, Inc. ("Okta" or "Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for a judgment declaring that its use of the trademark OCTO—alone and in combination with other terms and designs (the "OCTO Marks") in connection with the sale and promotion of information technology consulting services does not infringe or dilute any alleged trademark rights of Defendant. Defendant has claimed rights in the trademark okta (the "okta Mark") and expressly alleges infringement and dilution by Plaintiff in connection with Plaintiff's use of the OCTO Marks, has demanded that Plaintiff cease all use of the OCTO Marks and abandon its pending applications to register the OCTO Marks with the United States Patent and Trademark Office ("USPTO"), has commenced an opposition proceeding against Plaintiff at the USPTO, and has made veiled threats of litigation against Plaintiff. A declaratory ruling is necessary to remove the pall of uncertainty surrounding Plaintiff's right to use the OCTO Marks in connection with the sale and promotion of its services going forward.

## THE PARTIES

2. Plaintiff F2 Strategy, LLC is a Delaware limited liability company with a principal place of business at 330 North Wabash Avenue, Floor 23, Chicago, Illinois 60611.

3. Defendant Okta, Inc. is a Delaware corporation with a principal place of business at 100 First Street, 6th Floor, San Francisco, California 94105.

## JURISDICTION AND VENUE

4. This action arises and is brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.  This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 2201-2202.

5. Defendant/its counsel have written and called Plaintiff/its counsel, alleging infringement and demanding that Plaintiff cease all use and attempted registration of Plaintiff's OCTO Marks.

6. This Court has personal jurisdiction over Defendant because Defendant is incorporated in—and therefore resides in—Delaware and because Defendant transacts substantial business within this District, including without limitation by selling goods and services within this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) at least because Defendant resides in, is incorporated in, and conducts business in this District.

## BACKGROUND

**A.    Plaintiff and the OCTO Marks.**

8. Plaintiff is a wealth management technology services consulting firm helping complex registered investment advisor (RIA), wealth, bank/trust and family office firms improve their technical capabilities to build exceptional client and advisor experiences.

9. Among many other things, Plaintiff offers a technology consulting service that provides companies with technology expertise, analyzes their technology needs, proposes and helps companies implement technology solutions, and provides the services of an outsourced Chief Technology Officer.

10. OCTO is a distinctive trademark derived from the acronym for Outsourced Chief Technology Officer.

11. Plaintiff has offered information technology consulting services under the OCTO Marks since at least January 20, 2020. Since that time, Plaintiff has marketed, advertised, and promoted its services using the OCTO Marks resulting in significant goodwill and customer recognition in the OCTO Marks.

12. Plaintiff consistently uses the OCTO Marks in close proximity to its F2 Strategy trade name and the logos shown below (the "F2 Logos").



13. Plaintiff does not own any proprietary software and does not sell software to consumers under the OCTO Marks.

14. In addition to Plaintiff's common law rights in the OCTO Marks, Plaintiff owns the following applications to register the OCTO Marks in the United States (collectively, the "OCTO Applications"):

| Mark | Serial No. | Filing Date and Basis | Goods/Services (First Use Date) |
|---|---|---|---|
| **OCTO** | 88/844,911 | Filing Date: 3/23/2020<br>Use-Based Application | Class 42: Information technology consulting services. (First Use in Commerce: 1/20/2020) |

| **OCTO WEALTH** | 97/937,885 | Filing Date: 5/16/2023<br><br>Intent-to-Use Application | Class 42: Consultancy and information services relating to information technology architecture and infrastructure. |
|---|---|---|---|

15. Plaintiff's application Serial No. 88/844,911 was approved by the USPTO for publication and is pending the outcome of Opposition No. 91287326 filed by Defendant. Plaintiff's application Serial No. 97/937,885 for OCTO WEALTH has not yet been examined.

**B.  Defendants and the okta Mark.**

16. Defendant claims to own rights in the okta Mark.

17. Defendant has four U.S. registrations for the okta Mark (collectively, the "okta Registrations"), namely, U.S. Registration Nos. 4,000,741; 4,046,232; 6,682,165; and 7,041,769, all for OKTA.

18. Defendant also uses the stylized mark depicted below (the "okta logo"). In the okta logo, "okta" is shown in lowercase.

![okta logo]

19. Defendant's Chief Marketing Officer explained in a *Built In Seattle* article that the trademark Okta was chosen for its relation to clouds: "An 'okta' is a unit of measurement used to describe cloudiness . . . Given that the Okta Identity Cloud helps organizations securely connect their people to technology – in many cases, cloud apps and services – the name Okta makes perfect sense for us." *See* www.builtinseattle.com/2018/09/25/startup-name-stories.

20. Upon information and belief, Defendant uses the okta Mark and the okta logo in connection with authentication, identification, and access management software sold directly to individual consumers and businesses, for access to applications, devices, and users. *See* https://www.okta.com/.

21. Upon information and belief, Defendant does not offer ongoing consulting services in the form of an outsourced Chief Technology Officer, whether under the okta Mark or otherwise.

**C.     Controversy Between the Parties.**

22. In June of 2023, Defendant sent a letter to Plaintiff alleging that Plaintiff was infringing Defendant's okta Mark and demanding that Plaintiff cease all use of the OCTO Marks and abandon its applications to register the OCTO Marks with the USPTO.

23. On multiple occasions thereafter, in both correspondence and in phone conversations through its counsel, Defendant continues to maintain its accusations of infringement. Plaintiff has provided multiple reasons why use of the OCTO Marks does not infringe Defendant's alleged rights in the okta Mark, including the dissimilarity of the marks' commercial impressions, that the companies offer different products/services at different prices, that Plaintiff consistently uses OCTO in close proximity to the F2 Strategy trade name and the F2 Logos, and that the Parties' marks have coexisted for over three years without any known instances of consumer confusion.

24. Despite Plaintiff's many attempts to explain the lack of any cognizable trademark or unfair competition claim, Defendant continues to allege infringement.

25. On September 25, 2023, Defendant filed a Notice of Opposition with the Trademark Trial and Appeal Board (the "Board"), asking the Board to deny registration of OCTO (Serial No. 88/844,911) on grounds of likelihood of confusion and dilution by blurring of Defendant's okta Mark (the "TTAB Action").

26. Since filing the TTAB Action, Defendant continues to allege infringement and dilution and to insist that Plaintiff cannot continue to use its OCTO Marks. Yet, Defendant has not filed suit against Plaintiff. Instead, it simply continues to allege infringement and demand that Plaintiff cease use of the OCTO Marks—a matter that the TTAB Action will not resolve.

27. Plaintiff's business is harmed by the uncertainty created by Defendant's continuing allegations and veiled threats of litigation, which have given rise to a case of actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201-02.

## CLAIMS AND RELIEF SOUGHT

### FIRST CLAIM FOR RELIEF
### Declaratory Judgment of Non-Infringement

28. Plaintiff alleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff's use of the OCTO Marks does not infringe on any of Defendant's alleged trademark rights in the okta Mark. Nor does Plaintiff's sale or marketing of services in connection with the OCTO Marks constitute unfair competition.

30. The OCTO Marks convey a commercial impression that is entirely distinct from the impression conveyed by the okta Mark. The marks are entirely different in sight, sound, and meaning. The Parties offer different goods/services under their respective marks, and the relevant consumers are sophisticated and unlikely to be confused, particularly given the price-point and specialized nature of Plaintiff's services offered and planned to be offered (in the case of OCTO WEALTH) under the OCTO Marks. Plaintiff's OCTO Marks are consistently used in close proximity to its F2 Strategy trade name and the F2 Logos, and the Parties' marks have coexisted for over three years without any known instances of consumer confusion.

31. Plaintiff's continuing use of the OCTO Marks in connection with information technology consulting services does not cause actual or threatened harm to Defendant.

32. Despite these facts, Defendant continues to allege likelihood of confusion, to demand that Plaintiff cease use of the OCTO Marks, and to demand that Plaintiff abandon the OCTO Applications.

33. As a result of the dispute between the Parties, an actual and justiciable controversy exists between the Parties regarding Plaintiff's use of the OCTO Marks.

34. Without prompt determination of whether Plaintiff's use of the OCTO Marks infringes Defendant's okta Mark, Plaintiff cannot relieve itself from the uncertainty generated by Defendant's allegations.

35. Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark rights owned by Defendant, pursuant to 15 U.S.C. §§ 1114 and 1125 and any state trademark or unfair competition laws that Defendant asserts.

36. A declaratory judgment in this case would serve a useful purpose of clarifying and settling the respective legal rights and obligations of the parties, and it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment of Non-Dilution

37. Plaintiff alleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

38. Plaintiff's use of the OCTO Marks does not dilute Defendant's alleged trademark rights in the okta Mark.

39. Defendant's okta Mark is not widely recognized by the general consuming public and is thus not sufficiently famous to qualify for protection under the federal dilution statute, and there is no likelihood that Plaintiff's use and registration of the OCTO Marks directly or indirectly dilute by blurring the distinctiveness of Defendant's okta Mark.

40. Plaintiff's continuing use of the OCTO Marks in connection with information technology consulting services does not cause actual or threatened harm to Defendant.

41. Despite these facts, Defendant continues to allege likelihood of dilution, to demand that Plaintiff cease use of the OCTO Marks, and to demand that Plaintiff abandon the OCTO Applications.

42. As a result of the dispute between the parties, an actual and justiciable controversy exists between the parties regarding Plaintiff's use of the OCTO Marks.

43. Without prompt determination of whether Plaintiff's use of the OCTO Marks dilutes Defendant's okta Mark, Plaintiff cannot relieve itself from the uncertainty generated by Defendant's allegations.

44. Plaintiff is entitled to declaratory judgment that it is not diluting, has not diluted, and is not liable for diluting any allegedly enforceable trademark rights owned by Defendant, pursuant to 15 U.S.C. § 1125(c) and any state laws that Defendant asserts.

45. A declaratory judgment in this case would serve a useful purpose of clarifying and settling the respective legal rights and obligations of the parties, and it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays the Court grant the following relief:

A. Enter a judgment declaring that Plaintiff's use of the OCTO Marks is not infringing, has not infringed, and does not subject Plaintiff to liability for infringing any allegedly enforceable trademark rights owned by Defendant, pursuant to 15 U.S.C. §§ 1114 and 1125 and any state trademark or unfair competition laws that Defendant asserts;

B. Enter a judgment declaring that Plaintiff's use of the OCTO Marks is not diluting, has not diluted, and does not subject Plaintiff to liability for diluting any allegedly enforceable

trademark rights owned by Defendant, pursuant to 15 U.S.C. § 1125(c) and any state laws that Defendant asserts;

C. Enter a judgment declaring that Defendant is not entitled to any injunctive relief with respect to Plaintiff's use of the OCTO Marks;

D. Enter a judgment declaring that Defendant has not and will not suffer any harm or damages, and thus is not entitled to any relief under the Lanham Act or any state trademark or unfair competition laws that Defendant asserts;

E. An order awarding attorneys' fees, costs, and expenses incurred in connection with this action, to Plaintiff, pursuant to 15. U.S.C § 1117(a);

F. An order instructing the Board to dismiss the TTAB Action with prejudice; and

G. An order awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

- 10 -

Dated: November 20, 2023                    Respectfully submitted,

                                                     MORGAN, LEWIS & BOCKIUS LLP

*/s/Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
amy.dudash@morganlewis.com
Telephone: (302) 574-3000
Facsimile: (302) 574-3001

Kathryn A. Feiereisel (*pro hac vice* application forthcoming)
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60601
katie.feiereisel@morganlewis.com
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

***Attorneys for F2 Strategy, LLC***